## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

ROBERT BRINKERHOFF,

        Plaintiff,

  v.

SAFEWAY, INC.,

        Defendant.

Case No. 4:22-cv-00070-SLG

### **ORDER RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court at Docket 20 is Defendant Safeway, Inc.'s ("Safeway") Motion for Summary Judgment. Plaintiff Robert Brinkerhoff responded in opposition at Docket 21, to which Safeway replied at Docket 22. Oral argument was not requested and was not necessary to the Court's determination.

### **BACKGROUND**

This case is before this Court after removal from the Alaska Superior Court.[1] Mr. Brinkerhoff brings a negligence claim against Safeway after he "slipped on a slick substance" and fell at a Safeway store in Fairbanks, Alaska, on February 15, 2021.[2] On that day, when he entered the Safeway store, Mr. Brinkerhoff walked towards the bathrooms and "skirted . . . around a cone" about "three, four feet . . .

---

[1] *See* Docket 1.

[2] Docket 1-1 at ¶¶ 2, 6-12 (Compl.); Docket 20-1 at 2.

or . . . more, to the other side of it."[3] Finding the bathroom door locked, he "turned around" and walked back "down that corridor" and "swung to the other side of the cone, probably six feet, and that's when [he] slipped."[4] When he fell, Mr. Brinkerhoff's "feet came up from under [him]" and he "hit the back of [his] head pretty severely."[5] When he got up, his "head was hurting pretty significantly," his "left side was hurting [him]," and he felt "very disoriented."[6] He also "felt . . . liquid on . . . [his] hands."[7] A store employee named Isaac who had seen the fall came over and asked if Mr. Brinkerhoff was okay and if he wanted to go to the hospital, but Mr. Brinkerhoff declined.[8] Mr. Brinkerhoff acknowledged that he knew that seeing the cone meant he "should exercise caution in the area."[9] However, he contends that he had "walked well away from [the cone]" and that Safeway should have put cones "in enough places to keep somebody from falling," put a perimeter up around the edges of the spill "so that a person walking past it does not slip and fall," or that it "should have cleaned [the spill] up."[10] Apart from the pain and

---

[3] Docket 20-1 at 5.

[4] Docket 20-1 at 5.

[5] Docket 20-1 at 6.

[6] Docket 20-1 at 6.

[7] Docket 20-1 at 6.

[8] Docket 20-1 at 6.

[9] Docket 20-1 at 12-13.

[10] Docket 20-1 at 9-10.

Case No. 4:22-cv-00070-SLG, *Brinkerhoff v. Safeway, Inc.*
Order re Defendant's Motion for Summary Judgment
Page 2 of 10
Case 4:22-cv-00070-SLG   Document 23   Filed 04/30/24   Page 2 of 10

disorientation he experienced from his injuries directly after he fell, Mr. Brinkerhoff also asserts that the fall aggravated preexisting injuries.[11]

Discovery in this case has closed, and Safeway now moves for summary judgment.[12]

## JURISDICTION

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between Mr. Brinkerhoff, a resident of Alaska, and Safeway, which is incorporated under the laws of Delaware with its principal place of business in California, and because the amount in controversy exceeds $75,000.[13]

## LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The burden of showing the absence of a genuine dispute of material fact lies with the movant.[14] If the movant meets this burden, the non-moving party must demonstrate "specific facts showing that there is a genuine issue for trial."[15] When considering a motion

---

[11] Docket 20-1 at 18.

[12] *See* Docket 19; Docket 20.

[13] *See* Docket 1 at ¶¶ 5-10; Docket 1-1 at ¶ 1.

[14] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[15] *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-

Case No. 4:22-cv-00070-SLG, *Brinkerhoff v. Safeway, Inc.*
Order re Defendant's Motion for Summary Judgment
Page 3 of 10

for summary judgment, a court views the facts in the light most favorable to the non-moving party and draws "all justifiable inferences" in the non-moving party's favor.[16]

## DISCUSSION

In a diversity jurisdiction case, the district court applies the substantive law of the forum state.[17] To establish negligence under Alaska law, a plaintiff must show that (1) the defendant owed him a duty of care, (2) the defendant breached this duty, (3) the plaintiff was injured, and (4) his injury was the factual and proximate result of the defendant's breach.[18] The issue of whether a duty exists is a question of law, while the issues of breach, causation, and damages are factual inquiries.[19] In Alaska, "landowners have a duty to use due care to guard against unreasonable risks created by dangerous conditions existing on their property."[20] "'[O]rdinary principles of negligence' govern[] the conduct of a landowner" and require that a "landowner or other owner of property must act as a reasonable person in maintaining his property in a reasonably safe condition in view of the circumstances, including the likelihood of injury to others, the seriousness of the

---

49 (1986).

[16] *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)).

[17] *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

[18] *Regner v. N. Star Volunteer Fire Dep't, Inc.*, 323 P.3d 16, 21 (Alaska 2014).

[19] *See Guerrero v. Alaska Hous. Fin. Corp.*, 6 P.3d 250, 255 (Alaska 2000).

[20] *Burnett v. Covell*, 191 P.3d 985, 989 (Alaska 2008) (citation omitted).

Case No. 4:22-cv-00070-SLG, *Brinkerhoff v. Safeway, Inc.*
Order re Defendant's Motion for Summary Judgment
Page 4 of 10
Case 4:22-cv-00070-SLG   Document 23   Filed 04/30/24   Page 4 of 10

injury, and the burden on the respective parties of avoiding the risk."[21] "A landowner's duty regarding a dangerous condition can generally be satisfied by either remedying the condition or warning those who are likely to encounter it."[22] In addition, a landowner has no duty to warn of an open and obvious condition of which a plaintiff is aware.[23]

Safeway asserts that, "viewing the evidence in the light most favorable to Mr. Brinkerhoff, the presence of the wet floor cone at Safeway made any risk associated with the floor an open and obvious condition as a matter of law."[24] In support, Safeway cites to an Eastern District of Michigan case wherein a wet floor sign was placed at the store entrance when it had been raining, and that court held that "[t]he proper display of a wet floor sign makes the danger associated with a wet floor open and obvious as a matter of law, and is in fact why such signs are used."[25] In addition, Safeway cites to an Eastern District of Virginia case wherein "the plaintiff fell near a yellow wet floor cone . . . despite having seen the cone before she fell."[26] In that case, the plaintiff "was no more than two feet from the

---

[21] *Id.* at 990 (citations omitted).

[22] *State, Dep't of Transp. & Pub. Facilities v. Miller*, 145 P.3d 521, 533 n.42 (Alaska 2006) (citation omitted).

[23] *McGlothlin v. Municipality of Anchorage*, 991 P.2d 1273, 1279 (Alaska 1999).

[24] Docket 20 at 11.

[25] *Womack v. Wal-Mart Stores, Inc.*, Case No. CV 14-12615, 2016 WL 1242438, at *2 (E.D. Mich. Mar. 30, 2016) (alteration in original) (citation omitted), *aff'd*, 677 F. App'x 296 (6th Cir. 2017); Docket 20 at 9.

[26] Docket 20 at 7 (citing *Loomis v. Kroger Ltd. P'ship I*, Case No. 2:14cv536, 2015 WL 3793751,

Case No. 4:22-cv-00070-SLG, *Brinkerhoff v. Safeway, Inc.*
Order re Defendant's Motion for Summary Judgment
Page 5 of 10
Case 4:22-cv-00070-SLG   Document 23   Filed 04/30/24   Page 5 of 10

cone when she fell."[27] The court noted that the plaintiff "saw the warning, understood its purpose, and proceeded cautiously as a result"; it held that "[b]ecause no reasonable juror could conclude that [the defendant] failed to warn [the plaintiff] of the defect alleged, she [did not meet] her burden to show that there [was] a genuine issue for trial as to [the defendant's] negligence."[28] Here, Safeway asserts that "Mr. Brinkerhoff admitted not only that he saw the cone but that he recognized it as 'a caution sign' and he conceded further that he knows the whole purpose of cones like this are supposed to alert customers like him to avoid something 'like [he] would avoid a rattlesnake.'"[29] Safeway thus maintains that Mr. Brinkerhoff is unable to establish a *prima facie* case of negligence and that Safeway is entitled to judgment as a matter of law.[30]

In response, Mr. Brinkerhoff contends that "there is a factual dispute about whether [Safeway] breached a duty owed to plaintiff under the circumstances presented"—that is, "whether Safeway breached a duty of reasonable care when it failed to clean up a spill on its store floor and instead relied upon the placement of a single cone."[31] In addition, Mr. Brinkerhoff contends that "[o]nce a defendant

---

at *1 (E.D. Va. June 17, 2015)).

[27] *Loomis*, 2015 WL 3793751, at *5.

[28] *Id.* at *6.

[29] Docket 20 at 11; *see also* Docket 20-1 at 9, 11.

[30] Docket 20 at 11.

[31] Docket 21 at 6.

Case No. 4:22-cv-00070-SLG, *Brinkerhoff v. Safeway, Inc.*
Order re Defendant's Motion for Summary Judgment
Page 6 of 10

warns others about the danger, it has a duty to make the warning adequate."[32] Mr. Brinkerhoff further presents two lists of factors regarding the adequacy of the warning and the "duty to clean up a spill," but he does not cite to any authority that sets forth these factors.[33] Mr. Brinkerhoff also asserts that "summary judgment would be premature" because he has not yet taken depositions of Safeway's store employee witnesses.[34]

Because "[a] landowner's duty regarding a dangerous condition can generally be satisfied by either remedying the condition or warning those who are likely to encounter it," the Court is not persuaded by Mr. Brinkerhoff's argument that Safeway could only have met its duty of care by cleaning up the spill.[35] However, the Court finds that, viewing the facts in the light most favorable to Mr. Brinkerhoff, there are triable issues of fact regarding the adequacy of the warning Safeway provided.[36] It is undisputed that Safeway put a warning cone on the floor,

---

[32] Docket 21 at 6-7.

[33] *See* Docket 21 at 7-10.

[34] Docket 21 at 2. However, fact discovery closed in this case on December 1, 2023. *See* Docket 19.

[35] *Miller*, 145 P.3d at 533 n.42 (citation omitted).

[36] Under Alaska law, whether a warning is adequate is a triable issue of fact. *See Wassilie v. Alaska Vill. Elec. Co-op., Inc.*, 816 P.2d 158, 162-63 (Alaska 1991) (holding that, while the plaintiff received a general warning about the danger of high voltage lines, he "was not specifically warned about the particular danger of his situation," that "jurors could reasonably have found that the failure to provide adequate warning was the proximate cause of [the plaintiff] injury," and remanding for new trial); *Kremer v. Carr's Food Ctr., Inc.*, 462 P.2d 747, 749, 752 (Alaska 1969) (holding that whether the defendant used reasonable care in trying to prevent a danger "will depend on the particular variables of each case" and is for the jury to decide).

Case No. 4:22-cv-00070-SLG, *Brinkerhoff v. Safeway, Inc.*
Order re Defendant's Motion for Summary Judgment
Page 7 of 10
Case 4:22-cv-00070-SLG   Document 23   Filed 04/30/24   Page 7 of 10

but while Safeway contends that, as a matter of law, this was enough to "discharge[] its duty to warn,"[37] Mr. Brinkerhoff contends that Safeway should have "[p]ut up more cones, put a perimeter, flag it and make sure that their spill was adequately covered to where somebody would not fall and have a chance to slip."[38] According to Mr. Brinkerhoff, he "walk[ed] as far to the right of [the cone] as [he] felt necessary to escape the parameters of what the warning sign was trying to tell [him]," and that he thought his walking path would get him "free of what[ever] it was down there."[39] Thus, Mr. Brinkerhoff maintains that "[t]he perimeter around the total spill for [him] to avoid was not adequately displayed" and "could have been better and more effectively set, to keep [him] from falling."[40]

Given that Mr. Brinkerhoff's deposition testimony is the only admissible evidence provided with the parties' briefing, the Court finds that his testimony raises a genuine issue of fact regarding the adequacy of Safeway's warning. Although counsel for Safeway suggested during the deposition that the slippery substance was only "inches from the cone," Mr. Brinkerhoff expressly disputes this statement, and Safeway provides no other admissible evidence to the contrary.[41]

---

[37] Docket 22 at 5.

[38] Docket 20-1 at 10.

[39] Docket 20-1 at 5-6. Mr. Brinkerhoff also asserted that he "walked well away from [the cone]" and likened his actions to seeing a rattlesnake, saying that "if [he] saw a rattlesnake, [he] would walk around that to where that rattlesnake would not affect [him]." Docket 20-1 at 9.

[40] Docket 20-1 at 9.

[41] When asked, "So if a store employee says that the substance was inches from the cone, would you dispute that?," Mr. Brinkerhoff answered, "You bet," explaining that he "fell away from

Case No. 4:22-cv-00070-SLG, *Brinkerhoff v. Safeway, Inc.*
Order re Defendant's Motion for Summary Judgment
Page 8 of 10
Case 4:22-cv-00070-SLG   Document 23   Filed 04/30/24   Page 8 of 10

And even though Safeway likens this case to a slip-and-fall case in another jurisdiction where the plaintiff "was no more than two feet from the cone when she fell,"[42] Mr. Brinkerhoff asserts that he was "probably six feet" away from the cone when he slipped[43]; and whether a defendant used reasonable care in trying to prevent a danger "depend[s] on the particular variables of each case."[44]  Thus, viewing the evidence in the record in the light most favorable to Mr. Brinkerhoff, Safeway is not entitled to judgment as a matter of law.

## CONCLUSION

In light of the foregoing, IT IS ORDERED that Defendant's Motion for Summary Judgment at Docket 20 is DENIED.  A telephonic status conference is scheduled for **May 13, 2024, at 11:00 a.m.** to set a trial date in this case.  All parties shall participate telephonically by dialing 571-353-2301 (Call ID 020262828, Pin 487051) approximately five minutes before the scheduled hearing

---

the cone."  Docket 20-1 at 10.

[42] *Loomis*, 2015 WL 3793751, at *5.

[43] Docket 20-1 at 5.

[44] *Kremer*, 462 P.2d at 752.  *See, e.g.*, *Green v. Brookshire Grocery Co.*, 280 So. 3d 1256, 1261 (La. Ct. App. 2019) (holding that, given the distance between two cones marking a spill site and the placement of a single cone near an initial spill site, there was a genuine issue of material fact as to whether these cones were sufficient to properly warn store patrons of the spill); *Toussaint v. Baton Rouge Gen. Med. Ctr.*, 251 So. 3d 1151, 1157 (La. Ct. App. 2018) (affirming trial court finding that "placement of the single 'wet floor' sign in the center of the large area mopped . . . was not sufficient to warn passerby that a dangerous condition existed in the area where [the plaintiff] fell"), *writ denied*, 253 So. 3d 1301 (La. 2018).

Case No. 4:22-cv-00070-SLG, *Brinkerhoff v. Safeway, Inc.*
Order re Defendant's Motion for Summary Judgment
Page 9 of 10
Case 4:22-cv-00070-SLG   Document 23   Filed 04/30/24   Page 9 of 10

time.

DATED this 29th day of April 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 4:22-cv-00070-SLG, *Brinkerhoff v. Safeway, Inc.*
Order re Defendant's Motion for Summary Judgment
Page 10 of 10
Case 4:22-cv-00070-SLG   Document 23   Filed 04/30/24   Page 10 of 10